CAMERON W. FOX (SB# 218116)
cameronfox@paulhastings.com
JESSICA E. MENDELSON (SB# 280388)
jessicamendelson@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendant
UNIVERSITY OF SOUTHERN CALIFORNIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY WHITTIER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA, a California corporation; and DOES 1-20, inclusive,<br><br>Defendant. | CASE NO. 2:20-cv-09539 DSF (RAOx)<br><br>**DEFENDANT UNIVERSITY OF SOUTHERN CALIFORNIA'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND THE DISCOVERY CUT-OFF DATE**<br><br>*[Filed concurrently with Declaration of Jessica Mendelson]*<br><br>Date: May 23, 2022<br>Time: 1:30 p.m.<br>Dept.: 7D<br>Judge: Hon. Dale S. Fischer<br><br>Complaint Filed: October 16, 2020<br>Trial Date: January 17, 2023 |

## **TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................. 5
II. FACTUAL BACKGROUND ........................................................................... 6
  A. USC Diligently Served, Conducted, And Responded To Discovery. ................................................................................................. 6
  B. USC Has Been Cooperative And Generous – It Repeatedly Delayed Filing Its Summary Judgment Motion, Extended The Deadline For Ms. Whittier's Expert Designations, And Gave Ms. Whittier A Four-Week Stay Of The Case. ........................................ 8
  C. Since The Stay Lifted, Ms. Whittier Has Continued To Show A Lack Of Diligence In Litigating This Case Despite The Multiple Attorneys She Has Representing Her. ................................................... 10
III. LEGAL STANDARD ..................................................................................... 11
IV. ARGUMENT ................................................................................................... 12
  A. Ms. Whittier's Motion Should Be Denied Because Of Her Lack Of Diligence. ......................................................................................... 12
  B. Extending The Discovery Cut-Off Does Not Help Ms. Whittier In Opposing Summary Judgment Anyway—Her Opposition Will Already Have Been Filed Two Weeks Before This Motion Is Decided. ........................................................................................... 14
  C. USC Would Suffer Undue Prejudice If The Discovery Cut-Off Is Moved (Again); Ms. Whittier's Claims Of Prejudice Fail. ............. 16
V. CONCLUSION ................................................................................................ 17

-2-

DEFENDANT USC'S MPA IN OPPOSITION TO
PLAINTIFF'S MOTION TO EXTEND THE
DISCOVERY CUT OFF DATE
U.S.D.C., Cal. C.D., No. 2:20-CV-09539 DSF (RAOX)

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Agee v. City of McKinney*,
   593 F. App'x 311 (5th Cir. 2014) (*per curiam*) (unpublished) .......................... 15

*Bovarie v. Schwarzenegger*,
   No. 08cv1661 LAB (NLS), 2011 WL 767249
   (S.D. Cal. Feb. 25, 2011) .................................................................................. 14

*Carter v. Metro. Water. Dist.*,
   20 F. App'x 751 (9th Cir. 2001) (unpublished) ................................................ 15

*Dunfee v. Truman Capital Advisors, LP*,
   No. 12-CV-1925-BEN (DHB), 2013 WL 5603258
   (S.D. Cal. Oct. 11, 2013) ............................................................................ 12, 17

*Gerawan Farming, Inc. v. Rehrig Pac. Co.*,
   No. 1:11-cv-01273 LJO BAM, 2013 WL 1164941
   (E.D. Cal. Mar. 20, 2013) .................................................................................. 12

*Johnson v. Mammoth Recreations, Inc.*,
   975 F.2d 604 (9th Cir. 1992) ................................................................. 11, 12, 13

*Kisaka v. Univ. S. Cal.*,
   No. CV 11-01942 BRO, 2013 WL 12203018
   (C.D. Cal. Nov. 20, 2013) ................................................................................. 15

*Lam v. City and County of San Francisco*,
   No. 08-04702-PJH (LB), 2011 WL 4915812
   (N.D. Cal. Oct. 17, 2011) .................................................................................. 14

*Lennar Mare Island, LLC v. Steadfast Ins. Co.*,
   No. 2:12-CV-02182-KJM-KJN, 2015 WL 4910468
   (E.D. Cal. Aug. 17, 2015) ................................................................................. 13

*Mailhoit v. Home Depot U.S.A., Inc.*,
   No. CV 11-03892 DOC (SSX), 2013 WL 12122580
   (C.D. Cal. Jan. 24, 2013) ................................................................................... 13

-3-

DEFENDANT USC'S MPA IN OPPOSITION TO
PLAINTIFF'S MOTION TO EXTEND THE
DISCOVERY CUT OFF DATE
U.S.D.C., Cal. C.D., No. 2:20-CV-09539 DSF (RAOX)

*McKinzy v. Nat'l R.R. Passenger Corp. (AMTRAK)*,
 836 F. Supp. 2d 1014 (N.D. Cal. 2011) .................................................................. 14

*Orozco v. Midland Credit Mgmt. Inc.*,
 No. 2:12-CV-02585-KJM-CKD, 2013 WL 3941318
 (E.D. Cal. July 30, 2013) ........................................................................................ 13

*Rosario v. Livaditis*,
 963 F.2d 1013 (7th Cir. 1992) ................................................................................ 17

*Thommeny v. Paramount Pictures Corp.*,
 No. CV 10-6951-VBF (FMOX), 2011 WL 2899340
 (C.D. Cal. July 13, 2011) ................................................................................. 15, 16

*Tivoli LLC v. Spa*,
 No. SA CV 14-1285 DOC (JCGX), 2016 WL 6138406
 (C.D. Cal. Feb. 19, 2016) ....................................................................................... 13

*Truong v. Sacramento Cnty. Sheriff Dept.*,
 No. 2:10-cv-00506-MCE-KJN, 2012 WL 5707228
 (E.D. Cal. Nov. 15, 2012) ....................................................................................... 13

*U.S. E.E.O.C. v. Placer ARC*,
 No. 2:13-CV-0577 KJM EFB, 2014 WL 5419879
 (E.D. Cal. Oct. 23, 2014) .................................................................................. 12, 14

**RULES**

FED. R. CIV. P. 11 .............................................................................................................. 8

FED. R. CIV. P. 16 ............................................................................................................ 12

FED. R. CIV. P. 16(b)(4) ................................................................................................... 11

FED. R. CIV. P. 30(b)(6) ............................................................................................. 10, 13

FED. R. CIV. P. 56(d) ....................................................................................................... 15

L.R. 7 ................................................................................................................................ 15

## I. INTRODUCTION

Ms. Whittier's Motion to Extend the Discovery Cut-Off Date should be denied for three reasons:

***First***, **Ms. Whittier and her counsel have largely ignored this case for the 18 months it has been pending.** Ms. Whittier filed this case on October 16, 2020. Ms. Whittier served only a relative handful of written discovery requests in all the months since (6 document requests in February 2021, and 10 requests in July 2021, along with 5 interrogatories). She served no deposition notices in 2020. She served no deposition notices in 2021. She served no deposition notices for the first three months of 2022. Only after USC met and conferred with Ms. Whittier about its summary judgment motion did she serve her first deposition notice. She failed to serve final written discovery before the discovery cut-off, and she missed her deadline to disclose expert witnesses (which USC already extended twice). Ms. Whittier (a practicing attorney in her own right) and her counsel have shown a remarkable lack of diligence in litigating this case – over multiple years. Ms. Whittier cannot show good cause to move the discovery cut-off.

***Second***, **USC has not delayed Ms. Whittier's efforts to conduct or obtain discovery.** To the contrary, USC responded promptly to Ms. Whittier's discovery requests. USC agreed to extend several discovery deadlines at her request, including offering a total stay of the case for four weeks when Ms. Whittier's counsel explained he needed to be away from the office due to family issues. Moreover, USC waited more than six months to file its summary judgment motion (after announcing the filing to Ms. Whittier in September 2021) to give her time to conduct any discovery she felt was needed. (She served nothing during those months.)

***Finally***, **if this case survives USC's pending summary judgment motion[1], USC will be unduly prejudiced by the cost of defending against additional**

---

[1] If not, the motion is moot.

**discovery that is untimely and inappropriate.** As shown by Ms. Whittier's *ex parte* application to stay briefing on USC's summary judgment motion, she intends to seek discovery that, on the merits, should be denied. Examples include: time-consuming depositions of USC witnesses about facts already established by USC's productions, fishing-style depositions seeking to uncover gender bias by the *female* USC investigators in this case (whom Ms. Whittier already testified were not biased), and overbroad discovery into unrelated litigations involving the lawyer who represented John Doe. None of that is appropriate. USC will need to spend time and money to limit/prevent the improper discovery Ms. Whittier contemplates.

For all of these reasons, and as discussed in more detail below, USC respectfully asks that the Court deny Ms. Whittier's motion.

## II.  FACTUAL BACKGROUND

### A.  USC Diligently Served, Conducted, And Responded To Discovery.

Ms. Whittier claims she needs additional time for discovery because of "USC's unreasonable delay." Motion, p. 2. That is not true. USC has been diligent and cooperative throughout discovery in this case.

For its part, USC conducted discovery right away. It completed Ms. Whittier's deposition and written discovery (55 document requests) by the end of March 2021. Mendelson Decl. ¶ 2, Ex. A.

Ms. Whittier, by contrast, served a mere 6 document requests in February 2021, and 10 requests in July 2021, along with 5 interrogatories – nothing more.[2] She did not serve a single deposition notice until after the April 2022 meet and confer over USC's summary judgment motion, which Ms. Whittier has known about since September 2021. *See* Mendelson Decl. ¶¶ 22-24.

USC responded diligently to Ms. Whittier's discovery requests:

- USC responded to Ms. Whittier's initial document requests within 45

---

[2] The last day to serve written discovery in this case was April 15, 2022. Ms. Whittier served no final written discovery whatsoever. Mendelson Decl. ¶ 27.

days (the Parties granted reciprocal two-week extensions). Mendelson Decl. ¶ 9, Ex. G.

- USC responded to Ms. Whittier's second set of document requests within 73 days (having received a 6-week extension due to back-to-back trial-related commitments for USC's counsel in other matters). Mendelson Decl. ¶¶ 11-12, Exs. H-I.

- USC supplemented its responses 30 days later (on October 20, 2021) to ensure it captured all responsive information that was due. Mendelson Decl. ¶ 13, Ex. J.

- Ms. Whittier has served no further discovery requests. Mendelson Decl. ¶ 10.

- In late November 2021, Ms. Whittier asked to meet and confer over USC's objections and responses to both sets of discovery requests. Mendelson Decl. ¶ 14, Ex. K. The parties did so on December 13, 2021, and again in January and February 2022 in an attempt to narrow Ms. Whittier's requests, many of which were overbroad and unduly burdensome.[3] Mendelson Decl. ¶ 16, Ex. P. On February 7, 2022, USC agreed to supplement its responses and its production. *Id.* USC did so 9 days later. Mendelson Decl. ¶ 15, Exs. L-O. That supplemental production of 652 pages brought USC's total production to more than 1,800 pages.[4] Mendelson Decl. ¶ 15, Exs. L-O. Ms.

---

[3] For example, she requested "[a]ll documents and communications related to" a lawyer who represented John Doe, and who has sued USC in dozens of other cases. She also requested all information about reports of sexual misconduct across USC's entire community (all schools, all students, graduate and undergraduate, on campus and off campus) spanning multiple years. Mendelson Decl. ¶ 11, Ex. H.

[4] Ms. Whittier claims "USC produced approximately 230 completely redacted (or close to completely redacted) documents, and approximately 15 documents that were at least 50% redacted without any justification." Not so. USC produced **12** redacted documents. Mendelson Decl. ¶ 28. The redactions were needed to protect information about other individuals who are unrelated to this case. *Id.*

Whittier later asked to receive USC's production in a searchable PDF format. Mendelson Decl. ¶ 17, Ex. Q. Even though that was not the format in which the records were maintained, USC created and produced an additional copy of its productions within 6 days of the request. Mendelson Decl. ¶ 18, Ex. R.

In early February 2022, Ms. Whittier's counsel suggested an informal discovery conference with Magistrate Judge Oliver. Mendelson Decl. ¶ 19, Ex. S. USC's counsel explained it was open to an IDC, and suggested scheduling it after the supplemental production on February 16, 2022 (since the production might resolve the issues). *Id*. Ms. Whittier's counsel pledged to reach out to the Judge Oliver's chambers to schedule the IDC, and "circle back."[5] *Id*. He never did. USC understood that to mean Ms. Whittier was satisfied with the supplemental production. *Id*.

**B.  USC Has Been Cooperative And Generous – It Repeatedly Delayed Filing Its Summary Judgment Motion, Extended The Deadline For Ms. Whittier's Expert Designations, And Gave Ms. Whittier A Four-Week Stay Of The Case.**

In September 2021, USC alerted Ms. Whittier that it would be filing for summary judgment based on her deposition testimony. Mendelson Decl. ¶ 6, Ex. D. USC then waited six months, to give Ms. Whittier time to conduct any discovery she felt was needed. She served none. Mendelson Decl. ¶ 10.

In December 2021, Ms. Whittier asked if USC would agree to postpone her deadline to designate expert witnesses several months (to April 29, 2022). *See* Dkt. No. 24. USC agreed, and stipulated to that extension. *Id*.

On March 7, 2022, Ms. Whittier's counsel (Mr. Zalkin) asked USC to extend the statutory 21-day safe harbor period under Rule 11 (in response to USC's March 2 service of a Rule 11 motion) so that he could have "time to evaluate the

---

[5] Notably, Ms. Whittier's counsel does not attach this email to his declaration, instead pointing the finger at USC despite his own failure to schedule the IDC when he stated he would.

motion and properly advise [his] client." Mendelson Decl. ¶ 21, Ex. U. USC replied that it did not believe it could extend the statutory period, but it offered instead to delay filing its upcoming summary judgment motion by a week (which, as a practical matter, would give Ms. Whittier additional time to decide to dismiss the case). *Id.* Mr. Zalkin agreed and thanked USC's counsel. *Id.*

On March 10, 2022, Mr. Zalkin's co-counsel at the California Women's Law Center, Chelsea Mutual, asked USC to extend all case deadlines by two months. Mendelson Decl. ¶ 22, Ex. V. USC declined based on its ongoing concern that the case should have been dismissed, and given the prejudicial nature of the extension. *Id.* However, after learning more about Mr. Zalkin's family issue, USC volunteered a total stay of the case for four weeks.[6] *Id.* The four-week stay would allow the parties to maintain the status quo while giving Ms. Whittier's counsel time to focus on his family. *Id.* Ms. Mutual initially rejected the proposal, despite admitting it addressed the issue of Mr. Zalkin being out of the office, and threatened to seek a *four*-month extension if USC did not agree to two months. *Id.* In the end, Ms. Whittier's counsel accepted the stay proposal. *Id.* **On March 18, 2022, the parties stipulated to the stay and to the dates that would result from it – including the May 16, 2022 discovery cut-off.** Mendelson Decl. ¶ 23, Ex. W; Dkt. No. 28. After the stay lifted, USC then waited an additional week to file its summary judgment motion (filing on April 25, rather than April 18) to give Mr. Zalkin more time. Mendelson Decl. ¶ 23.

---

[6] Surprisingly, Ms. Whittier's counsel points to the Court's Civility and Professionalism Guidelines and suggests USC's counsel has been engaged in "gamesmanship." Motion, p. 22. Not so. Ms. Whittier's counsel has known for months of the impending discovery deadline, and that USC's counsel intended to file a motion for summary judgment. Mendelson Decl. ¶¶ 22-23, Exs. V-W. The fact that USC volunteered a full stay of the case shows the degree to which it has cooperated with, and tried to help, Ms. Whittier and her counsel.

### C. Since The Stay Lifted, Ms. Whittier Has Continued To Show A Lack Of Diligence In Litigating This Case Despite The Multiple Attorneys She Has Representing Her.

Based on the parties' stipulated discovery cut-off, the last day to serve written discovery was April 15, 2022. USC timely served its final discovery to ensure it is prepared for trial (if one occurs). Ms. Whittier served nothing. Mendelson Decl. ¶ 27.

On April 29, 2022, Ms. Whittier's expert disclosures were due, based on the extension she requested and received from USC back in December 2021. Dkt. No. 24. She missed that deadline as well. Mendelson Decl. ¶ 25, Ex. CC.

Ms. Whittier served her first deposition notices on the night of April 18, 2022 – *after* the meet and confer over USC's summary judgment motion. Mendelson Decl. ¶ 24, Exs. X-BB. She served four notices that night (including a 30(b)(6) notice that is wildly overbroad in its topics), and a fifth notice on April 25. *Id*. She unilaterally set the depositions to occur in May – two weeks before the discovery cut-off, after her opposition to USC's summary judgment motion is due, and during the short window when she knows USC's counsel will be preparing its reply brief. *Id*. The Rule 30(b)(6) deposition notice is substantively objectionable given its wide-ranging topics and that it seeks private information about matters involving other students who have nothing to do with this case. Mendelson Decl. ¶ 24, Ex. X. The individual deposition notices are substantively objectionable given: (i) the state of the record (the information sought was already provided months ago via document productions), and (ii) who the witnesses are (*e.g.*, a law professor who has nothing to do with this case and has never been disclosed, a former USC employee who left USC more than two years ago and is therefore not within its control, and a current USC investigator who did not author or issue the decision Ms. Whittier is challenging, and who Ms. Whittier testified was not biased against her anyway). Mendelson Decl. ¶ 24, Exs. Y-BB. USC timely objected, providing detailed descriptions of why the depositions are inappropriate. Mendelson Decl.

¶ 26; Exs. DD-HH. Ms. Whittier has not responded. *Id.*

Simply put, Ms. Whittier has been last minute and late throughout the case. Importantly, it is **not** for lack of attorneys representing her, or because one attorney had extenuating circumstances for a period of time. Ms. Whittier has a large legal team. The relative difference in the number of lawyers on each side of this case is striking:

> Case 2:20-cv-09539-DSF-RAO   Document 26   Filed 03/18/22   Page 1 of 4   Page ID #:159
>
> IRWIN M. ZALKIN, ESQ. (#89957)
> DEVIN M. STOREY, ESQ. (#234271)
> ALEXANDER S. ZALKIN, ESQ. (#280813)
> RYAN M. COHEN, ESQ. (#261313)
> The Zalkin Law Firm, P.C.
> 10590 West Ocean Air Drive, Ste. 125
> San Diego, CA 92130
> Tel: 858-259-3011
> Fax: 858-259-3015
> Email: irwin@zalkin.com
> dms@zalkin.com
> alex@zalkin.com
> ryan@zalkin.com
>
> CHELSEA MUTUAL, ESQ. (#299656)
> California Women's Law Center
> 360 N. Pacific Coast Hwy, Ste. 2070
> El Segundo, CA 90245
> Tel: 323-951-1041
> Email: chelsea.mutual@cwlc.org
>
> Attorneys for Plaintiff
>
> CAMERON W. FOX (SB# 218116)
> cameronfox@paulhastings.com
> JESSICA MENDELSON (SB# 280388)
> jessicamendelson@paulhastings.com
> PAUL HASTINGS LLP
> 515 South Flower Street
> Twenty-Fifth Floor
> Los Angeles, California 90071-2228
> Telephone: 1(213) 683-6000
> Facsimile: 1(213) 627-0705
>
> Attorneys for Defendant
> UNIVERSITY OF SOUTHERN CALIFORNIA

### III. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Similarly, this Court's Standing Order states that it "grants continuances only on a showing of good cause." Dkt. 6 at 6. The good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). In other words, a "court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (citing Fed. R. Civ. P.

16 advisory committee's notes (1983 amendment)). "A party's carelessness precludes a finding of its diligence and is no reason for relief." *U.S. E.E.O.C. v. Placer ARC*, No. 2:13-CV-0577 KJM EFB, 2014 WL 5419879, at *2 (E.D. Cal. Oct. 23, 2014) (citation omitted). "[T]he degree of prejudice to the party opposing the modification" is also a factor in the Court's decision. *Id.*

## IV. ARGUMENT

### A. Ms. Whittier's Motion Should Be Denied Because Of Her Lack Of Diligence.

California federal courts often reject requests for additional discovery where plaintiffs had ample time to pursue discovery, but failed to do so. For example, in *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, No. 1:11-cv-01273 LJO BAM, 2013 WL 1164941, at *5 (E.D. Cal. Mar. 20, 2013), the court denied a plaintiff's motion to modify the scheduling order based on the plaintiff's lack of diligence:

> Because Plaintiff elected to wait until the last moment to conduct discovery, it must now live with the consequences of its decisions.

*Id*. With regard to depositions in particular, the court in *Gerawan Farming* noted that, if plaintiff had "not waited until three weeks before the close of discovery to conduct depositions, these discovery disputes could have been timely resolved and no modification of the scheduling order would have been needed. . . . That this case became plagued with discovery disputes at the eleventh hour is of no consequence and in no way excuses Plaintiff from its failure to conduct discovery diligently from the outset." *Id.* at *5 (alteration and internal quotation marks omitted); *see also*, *Dunfee v. Truman Capital Advisors, LP*, No. 12-CV-1925-BEN (DHB), 2013 WL 5603258, at *4-5 (S.D. Cal. Oct. 11, 2013) (denying party's motion to continue the discovery cut-off date where plaintiff first noticed depositions weeks before the discovery cut-off date).[7]

---

[7] The cases Ms. Whittier cites to establish her diligence are inapposite. *Mailhoit v. Home Depot U.S.A., Inc.*, No. CV 11-03892 DOC (SSX), 2013 WL 12122580, at *7 (C.D. Cal. Jan. 24, 2013) involves a request for an independent medical

Moreover, courts also rely on the scope of a party's last-minute discovery to assess whether discovery has been diligently pursued. *See Truong v. Sacramento Cnty. Sheriff Dept.*, No. 2:10-cv-00506-MCE-KJN, 2012 WL 5707228, at *3 (E.D. Cal. Nov. 15, 2012) (noting that "the breadth and scope of the discovery that Plaintiffs served on Defendants one month before the discovery cut-off date also demonstrate Plaintiffs' lack of diligence"). On this point, Ms. Whittier's request to conduct four individual depositions and an expansive Rule 30(b)(6) deposition – at such a late stage of the case – is telling. Simply put, these depositions reflect a last-minute scramble, rather than the final *honing* of discovery that one would expect on the eve of the discovery cut-off.

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (internal quotation marks and citation omitted). The fact Ms. Whittier has less information than she would like at this point in the litigation is a problem of her own making. The Court need not excuse her from the consequences of her own actions.

The fact that one of Ms. Whittier's attorneys has experienced a personal emergency right before the cut-off does not change the analysis.[8] *See McKinzy v. Nat'l R.R. Passenger Corp. (AMTRAK)*, 836 F. Supp. 2d 1014, 1029-30 (N.D. Cal.

---

evaluation—not a continuance of the discovery deadline. *Tivoli LLC v. Spa*, No. SA CV 14-1285 DOC (JCGX), 2016 WL 6138406, at *3 (C.D. Cal. Feb. 19, 2016), *Lennar Mare Island, LLC v. Steadfast Ins. Co.*, No. 2:12-CV-02182-KJM-KJN, 2015 WL 4910468, at *1 (E.D. Cal. Aug. 17, 2015), and *Orozco v. Midland Credit Mgmt. Inc.*, No. 2:12-CV-02585-KJM-CKD, 2013 WL 3941318, at *3 (E.D. Cal. July 30, 2013) involve requests to extend the deadline for leave to amend the complaint based on the discovery of new evidence—again, not to continue the discovery deadline. Such extensions were sought far earlier in these cases and, unlike here, were less likely to prejudice the defendant. Here, by contrast, this case has been ongoing since October 2020, Ms. Whittier served almost no discovery, and has waited until the eleventh hour to seek an extension.

[8] USC remains sympathetic to Mr. Zalkin's family health issue. The four-week stay offered was designed to place the parties on equal footing and give Mr. Zalkin time to focus on his family without affecting the litigation.

2011) ("An extension of the time period for discovery [due to child's health problems] is unwarranted given the limited nature of the dispute presented in this case, the length of time allowed for discovery, [plaintiff's] lack of diligence in pursuing discovery, and her vague explanation for why she was unable to pursue discovery earlier."); *see also Bovarie v. Schwarzenegger*, No. 08cv1661 LAB (NLS), 2011 WL 767249, at *2 (S.D. Cal. Feb. 25, 2011) (declining to grant the motion to continue the close of discovery date because Plaintiff has not been diligent and "does nothing to explain why he waited until at least half of the discovery period had passed to issue this discovery"); *Placer ARC*, 2014 WL 5419879, at *4 ("By leaving as many as five depositions to be scheduled until the end of the discovery period, the plaintiff has assumed the risk of not being able to resolve any disputes relative to the requested depositions through court intervention.") (internal quotation marks and citation omitted).[9] For 18 months, Ms. Whittier failed to move this case forward. A recent family health issue cannot justify blowing open discovery, right as it is closing.

### B. Extending The Discovery Cut-Off Does Not Help Ms. Whittier In Opposing Summary Judgment Anyway—Her Opposition Will Already Have Been Filed Two Weeks Before This Motion Is Decided.

Ms. Whittier contends that "if the discovery cut-off is not extended so that the outstanding discovery issues can be resolved, it will significantly prejudice Plaintiff's ability to respond to USC's MSJ." Motion, p. 21. Not so. Ms. Whittier's opposition is due May 2 —two weeks *before* the existing discovery cut-off date of May 16, 2022. *See* L.R. 7. The instant motion will not be heard

---

[9] Ms. Whittier cites *Lam v. City and County of San Francisco*, No. 08-04702-PJH (LB), 2011 WL 4915812, at *3 (N.D. Cal. Oct. 17, 2011), for the proposition that good cause existed to extend the discovery cut-off because the plaintiff's counsel's wife had a baby. Plaintiffs fail to mention that in that case the parties had been working to schedule the deposition at issue for nearly six months. *Id.* at *1-2. Here, Ms. Whittier did not raise the prospect of taking depositions until the eve of the stay and did not notice any depositions until three weeks shy of the discovery cut-off. Mendelson Decl. ¶ 24, Exs. X-BB.

until May 23—a week after the close of discovery, and three weeks after her opposition will have been filed.

Moreover, even if the Court were to grant Ms. Whittier more time for briefing in response to a proper request under Rule 56(d) (it should not), that does not mean the cut-off should be extended. Ms. Whittier had more than six months after she learned USC was filing for summary judgment to take discovery. She served nothing. She should not be allowed to effectively *start* discovery in defense of the motion now. *See e.g.*, *Carter v. Metro. Water. Dist.*, 20 F. App'x 751, 752 (9th Cir. 2001) (affirming the district court's granting of summary judgment and the district court's decision disallowing additional discovery in part because the plaintiff failed to diligently pursue its previous discovery opportunities); *Kisaka v. Univ. S. Cal.*, No. CV 11-01942 BRO (MANx), 2013 WL 12203018, at *4 (C.D. Cal. Nov. 20, 2013) (denying plaintiff's motion to amend the scheduling order and reopen discovery because the "[p]laintiff offer[ed] no explanation as to why he could not have served his [discovery] at an earlier date"); *Agee v. City of McKinney*, 593 F. App'x 311, 313-14 (5th Cir. 2014) (*per curiam*) (affirming the district court's denial of the plaintiff's motion for an extension of time to file a response to the defendant's motion for summary judgment and of the plaintiff's motion to extend discovery, despite the plaintiff's contention that plaintiff's counsel's health problems and family issues prevented him from filing a timely response)

A particularly instructive case is *Thommeny v. Paramount Pictures Corp.*, No. CV 10-6951-VBF (FMOX), 2011 WL 2899340, at *2 (C.D. Cal. July 13, 2011). In *Thommeny*, the parties jointly proposed a discovery deadline and the plaintiff knew for more than half a year that defendant intended to file for summary judgment. *Id.* The plaintiff delayed meeting and conferring about purported deficiencies in the defendant's discovery responses until close to the discovery cut-off date, even though documents and timely objections were provided to plaintiff

months before. *Id.* The court ultimately denied the plaintiff's motion to continue the summary judgment motion and reopen discovery, citing plaintiff's lack of diligence. *Id.* Ms. Whittier's lack of diligence here warrants the same result.

### C. USC Would Suffer Undue Prejudice If The Discovery Cut-Off Is Moved (Again); Ms. Whittier's Claims Of Prejudice Fail.

**Prejudice to USC.** USC agreed to move the discovery cut-off to May 16, 2022 as part of the four-week stay.[10] Forcing upon USC a further extension of the cut-off would be unduly prejudicial for two reasons.

First, as described above, USC will need to spend additional time and resources on unnecessary discovery and discovery disputes if the Court grants Ms. Whittier's motion. She intends to seek discovery that, on the merits, should be denied. *See* Section II(C). If the discovery cut-off remains in effect, however, none of that will be needed.

Second, Ms. Whittier asks to move the discovery cut-off to September 2022, despite having known for months that USC's counsel, Ms. Fox, will be out of the country, and then out of state, in July and August.[11] If Ms. Whittier were merely seeking minor discovery to hone the evidence, that might not be a big problem (it is hard to say, since that is not the case). But Ms. Whittier wants to *start* depositions (and, presumably, conduct further written discovery) on topics that are objectionable, during a period in which USC's lead counsel will be gone. It would

---

[10] Ms. Whittier's motion glosses over the fact that the May 16 cut-off was the subject of a joint stipulation less than eight weeks ago.

[11] Ms. Whittier's motion states: "[I]f Ms. Fox's pre-paid family reunion is a reasonable justification to extend the Court-ordered deadlines in this matter so too is Mr. Zalkin's unforeseen family health issue." The situations are not analogous. USC has not sought any extensions. USC acted diligently, completing necessary discovery early in the case. Mendelson Decl. ¶ 1, Ex. A. When Ms. Whittier was caught short by her inaction and therefore needed extensions, USC worked with her counsel to give her extended deadlines via a stay. USC simply needed to ensure that giving her what she requested would not prejudice USC given that Ms. Fox's pre-paid trips in July and August were long-planned. Now, Ms. Whittier asks to blow through even those extended deadlines, and move discovery into a time period that she knows is prejudicial for USC.

be unduly prejudicial to USC to wipe out the agreed-upon deadlines that were set around USC's counsel's pre-existing commitments, and force USC to defend against this last-minute discovery without her.

**Prejudice to Ms. Whittier.** In her moving papers, Ms. Whittier claims that *she* will suffer prejudice if the motion is not granted. That argument rings hollow since she is responsible for the situation she faces. *See Dunfee*, 2013 WL 5603258, at *4 (reasoning that "[p]laintiffs' contention that they will be prejudiced if an extension is not granted is unavailing [because a] party who fails to pursue discovery in the face of a court ordered cut-off cannot plead prejudice from his own inaction.") (citing *Rosario v. Livaditis*, 963 F.2d 1013, 1019 (7th Cir. 1992)).

## V. CONCLUSION

For the reasons stated above, USC respectfully requests that Ms. Whittier's motion to extend the discovery cut-off deadline be denied.

DATED: May 2, 2022

PAUL HASTINGS LLP
CAMERON W. FOX
JESSICA MENDELSON

By: _____/s/ Cameron W. Fox_____
         CAMERON W. FOX

Attorneys for Defendant
UNIVERSITY OF SOUTHERN CALIFORNIA