# EXHIBIT D

# PAUL HASTINGS

1(213) 683-6301
cameronfox@paulhastings.com

September 23, 2021

22101-00108

**VIA EMAIL (ALEX@ZALKIN.COM)**

Alex Zalkin
The Zalkin Law Firm P.C.
10590 W. Ocean Air Drive Ste. 125
San Diego, CA  92130

Re:   *Whittier v. University of Southern California*, Case No. 2:20-cv-09359-DSF-RAO

Dear Alex:

This letter follows up on our phone conversation earlier this summer.  As I shared with you, Ms. Whittier's deposition admissions revealed that there is no basis for her claims against USC.  We urge you to reconsider whether this case should continue in light of her testimony.  As described below, we believe the claims are frivolous as a matter of law.  If Ms. Whittier does not dismiss her case within 21 days, and USC therefore must go to the time and expense to file a summary judgment motion, USC intends to seek its fees and costs under Rule 11.

It is well established that a defendant is entitled to its attorneys' fees and costs when a plaintiff files a case that is frivolous, or continues to litigate the case after it clearly became frivolous.  *See* Fed. R. Civ. P. 11, 1993 Advisory Committee's Notes (the purpose of Rule 11 sanctions is to, in part, "emphasize [] the duty of candor by subjecting litigants to potential sanctions for *insisting upon a position after it is no longer tenable* [.]" (emphasis added)); *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010) (sanctions are appropriate under Rule 11 when a party "insist[s] upon a position after it is no longer tenable." (quoting Rule 11 advisory committee notes (1993))); *see also Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978) (fees may be awarded when "a court finds that [the plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.  And, needless to say, if a plaintiff is found to have brought or continued such a claim in *bad faith*, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense") (emphasis in original); *MHC Investment Co. v. Racom Corp.; 323 F3d 620, 627* (affirming Rule 11 sanctions; "even those attorneys with the highest credentials can violate Rule 11 by pursuing claims and defenses that do not have merit, and counsel should not put forth frivolous claims before the court. The court concluded that 'the behavior was not a single incident, as this order and previous orders demonstrate, the Racom attorneys established a pattern of persisting in these claims over the course of two separate resistances to summary judgment motions, as well as two separate attempts to extend those proceedings without offering valid reasons to do so.').

        **A.**    **Ms. Whittier's Pre-Assault Claim Fails—She Cannot Establish Deliberate Indifference, a Heightened Risk of Sexual Harassment, or Deprivation of Educational Opportunities as a Result of the Alleged Harassment**

As counsel in *Karasek v. Regents of Univ. of Cal.*, 956 F.3d 1093 (9th Cir. 2020), you obviously know that the Ninth Circuit held that there are four elements required to assert a pre-assault claim under Title IX: "(1) a school maintained a policy of deliberate indifference to reports of sexual misconduct, (2) which created a heightened risk of sexual harassment that was known or obvious, (3) in a context subject to the

Paul Hastings LLP  |  515 South Flower Street  |  Twenty-Fifth Floor  |  Los Angeles, CA 90071
t: +1.213.683.6000  |  www.paulhastings.com

LEGAL_US_ # 108322788.6

**EXHIBIT D
PAGE 2**

# PAUL
# HASTINGS

Alex Zalkin
September 23, 2021
Page 2

school's control, and (4) as a result, the plaintiff suffered harassment that was so severe, pervasive, and objectively offensive that it can be said to have deprived the plaintiff of access to the educational opportunities or benefits provided by the school." *Id.* at 1112 (alterations, quotation marks, and citation omitted).

In the pre-assault context, a plaintiff must show that a school "maintained a policy of deliberate indifference to reports of sexual misconduct." *Karasek v. Regents of Univ. of California*, 500 F. Supp. 3d 967, 983–84 (N.D. Cal. 2020). Deliberate indifference "requires more culpable conduct than simply that the school was 'negligent, lazy, or careless.'" *Id* (internal citations omitted). In *Karasek*, the court found a **general** policy of deliberate indifference (based on evidence that the university failed to adequately educate students about sexual misconduct on campus and used an improper resolution process), and a **specific** policy of deliberate indifference (based on the university's repeated failure to respond to assaults occurring in a specific context, despite knowledge that multiple assaults had occurred in a similar context).



Ms. Whittier also cannot establish a known or heightened risk of sexual misconduct was created. She could not identify any event or fact that supposedly created a "heightened risk of sexual misconduct" for her, ▮ Whittier Tr. 121:20-25. Under the law, that does not work. It is tantamount "to asking that [USC] be held liable for its failure to 'purg[e] [its] schoo[l] of actionable peer harassment'," which is simply not a viable theory for maintaining a Title IX claim. *Doe v. Cal. Inst. of Tech.*, No. 2:19-CV-01005-AB (KSX), 2020 WL 3978081, at *3 (C.D. Cal. May 12, 2020) (citing *Davis*, 526 U.S. at 648) (declining to find liability under Title IX

119:22-121:3. That is plainly insufficient to put the university on notice. *Doe v. Univ. of the Pac.*, No. CIV. S-09-764 FCD/KJN, 2010 U.S. Dist. LEXIS 130099, at *46 (E.D. Cal. Dec. 8, 2010) (declining to find the university liable for violations of Title IX where the university had no prior knowledge that the individual was a threat, and finding that allegations that the alleged perpetrator had a reputation as a
"womanizer" prior to the assault was substantively different from being a sexual predator), *aff'd* 467 F. App'x 685 (9th Cir. 2012).

Finally, Ms. Whittier cannot establish that, as a result of USC's conduct and the harassment she experience, she was deprived of access to educational opportunities or benefits. Ms. Whittier admitted


**PAUL HASTINGS**

Alex Zalkin
September 23, 2021
Page 3

[REDACTED]

    **B.**    **Ms. Whittier's Post-Assault Claim Fails—She Cannot Establish USC Deviated From Its Policies or Predetermined the Outcome of Its Investigation**

To establish a post-assault claim based on deliberate indifference to a plaintiff's experience of sexual harassment or assault, the plaintiff must prove the following:

> "First, the school must have 'exercise[d] substantial control over both the harasser and the context in which the known harassment occur[red].' . . . Second, the plaintiff must have suffered harassment 'that is so severe, pervasive, and objectively offensive that it can be said to deprive the [plaintiff] of access to the educational opportunities or benefits provided by the school.' . . . Third, a school official with 'authority to address the alleged discrimination and to institute corrective measures on the [school's] behalf' must have had 'actual knowledge' of the harassment. . . Fourth, the school must have acted with 'deliberate indifference' to the harassment, such that the school's 'response to the harassment or lack thereof [was] clearly unreasonable in light of the known circumstances' . . . And fifth, the school's deliberate indifference must have "subject[ed the plaintiff] to harassment.' . . . Put differently, the school must have 'cause[d the plaintiff] to undergo harassment or ma[d]e [the plaintiff] liable or vulnerable to it.'"

*Barnett v. Kapla*, No. 20-CV-03748-JCS, 2020 WL 7428321, at *6 (N.D. Cal. Dec. 18, 2020) (citing *Karasek*, 956 F.3d at 1105 (additional citations omitted, alterations in original).

With regard to her post-assault claim, Ms. Whittier alleged that USC acted with "deliberate indifference in response to [Ms. Whittier's] report by failing to respond reasonably to [Ms. Whittier's] report" by (1) "deviat[ing] from its own policies in order to provide [John Doe] with an unfair advantage during its investigation" and (2) "predetermining the outcome of [Ms. Whittier's] complaint in favor of [John Doe]." Complaint, ¶ 64. Yet during her deposition, those allegations fell apart:





Alex Zalkin
September 23, 2021
Page 4

[redacted]

### C. Ms. Whittier's Intentional Discrimination Claim Fails—It Is Duplicative of Her Prior Failed Claims

Ms. Whittier's intentional discrimination claim fails for the same reason as her pre-assault and post-assault claims. A school's failure to respond to student-to-student sexual harassment can constitute intentional discrimination for purposes of Title IX in certain "limited circumstances." *See Lopez v. Regents of Univ. of Cal.*, 5 F. Supp. 3d 1106, 1120 (N.D. Cal. 2013) (citing *Davis*, 526 U.S. at 643). More specifically, "to state a prima facie case under Title IX based on student-to-student sexual harassment, Plaintiffs must show: (1) the sexual harassment [by the other student] was so severe, pervasive, and objectively offensive that it could be said to deprive the plaintiff of access to the educational opportunities or benefits; (2) the [university] had actual knowledge of the sexual harassment; and (3) the [university was] deliberately indifferent to the harassment." *Id*. Where the plaintiff alleges the university had actual knowledge of an incident of sexual harassment or violence, they must "also allege facts showing that [the university's] deliberate indifference caused [the plaintiff] to be subject to further harassment and deprivation of rights." As described above, Ms. Whittier's admissions establish that USC did not have actual knowledge of the alleged harassment, and was not deliberately indifferent to it. And, here again, Ms. Whittier's inability to claim she was deprived of educational opportunities or benefits as a result of the harassment is fatal to her claim.

### D. Ms. Whittier's Erroneous Outcome Claim Fails—Such a Claim Is Not Available to Her as a Matter of Law

The very basis of an erroneous outcome claim is that "the plaintiff contends that he is 'innocent and [was] wrongly found to have committed the offense.'" *Trustees of the Univ. of Pa.*, 270 F. Supp. 3d at 822 (alteration in original) (quoting *Yusuf, Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d. Cir. 1994)).[1] For this reason, multiple courts have questioned whether an erroneous outcome claim is even available to an alleged victim. *Roe v. Pa. State Univ.*, No. 18-2142, 2019 U.S. Dist. LEXIS 24870, at *31 (E.D. Pa. Feb. 15, 2019) ("we question whether an erroneous outcome claim is even available to a plaintiff such as Roe"); *Borkowski v. Baltimore Cty., Maryland*, 492 F. Supp. 3d 454, 489 (D. Md. 2020) ("deliberate indifference claims exist as a remedy for the victim to charge that the university's 'response to known discrimination [wa]s clearly unreasonable in light of the known circumstances' . . . In [this regard], Title IX erroneous outcome claims and Title IX deliberate indifference claims are mutually exclusive") (citation omitted, emphasis added).

---

[1] *See, e.g. Doe v. Cummins*, 662 F. App'x 437 (6th Cir. 2016); *Doe v. Columbia Univ.*, 831 F.3d 46 (2d Cir. 2016); *Yusuf*, 35 F.3d at 709; *Doe v. Syracuse Univ.*, 341 F. Supp. 3d 125 (N.D.N.Y. 2018); *Doe v. Marymount Univ.*, 297 F. Supp. 3d 573 (E.D. Va. 2018); *Powell v. Saint Joseph's Univ.*, No. 17-4438, 2018 WL 994478 (E.D. Pa. Feb. 20, 2018); *Trustees of the Univ. of Pa.*, 270 F. Supp. 3d at 799 (E.D. Pa. 2017); *Doe v. Ohio State Univ.*, 239 F. Supp. 3d 1048 (S.D. Ohio 2017); *Doe v. Brown Univ.*, 166 F. Supp. 3d 177 (D.R.I. 2016); *Doe v. Salisbury Univ.*, 123 F. Supp. 3d 748 (D. Md. 2015); *Doe v. Washington & Lee Univ.*, No. 6:14-CV-00052, 2015 WL 4647996 (W.D. Va. Aug. 5, 2015); *Doe v. Univ. of Mass.-Amherst*, No. 14-30143-MGM, 2015 WL 4306521 (D. Mass. July 14, 2015); *Sahm v. Miami Univ.*, 110 F. Supp. 3d 774 (S.D. Ohio 2015); *Wells v. Xavier Univ.*, 7 F. Supp. 3d 746 (S.D. Ohio 2014).



Alex Zalkin
September 23, 2021
Page 5

Even if such a claim were available to Ms. Whittier, she has failed to establish that gender bias was a motivating factor during the Title IX process. An erroneous outcome claim requires "(1) 'facts sufficient to cast some articulable doubt on the accuracy of the outcome of the disciplinary proceeding' and (2) a 'particularized . . . causal connection between the flawed outcome and gender bias.'" *Doe v. Miami Univ.*, 882 F.3d 579, 592 (6th Cir. 2018) (citation omitted, alteration in original).



### E. The Admitted Inaccuracies in Ms. Whittier's Complaint Show a Failure to Make a Reasonable Inquiry Into the Factual Basis for the Complaint

Courts have long held that a failure to make a reasonable inquiry into the factual basis of papers submitted to the Court is – in and of itself – sanctionable conduct under Rule 11. *See, e.g., Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 892 F.2d 802, 808 (9th Cir. 1989), *aff'd*, 498 U.S. 533 (1991) (awarding Rule 11 sanctions where plaintiff failed to verify false information in pleadings filed before the court).



This letter provides notice of USC's determination that her case is frivolous. Maintaining this lawsuit is a conscious decision to continue to force USC to defend the action, despite what the evidence has shown. *See Turner v. Sungard Bus. Sys., Inc.*, 91 F.3d 1418, 1423 (11th Cir. 1996) (plaintiff's reasonable basis for filing suit insufficient to avoid fee award where claims became frivolous during pendency of case). We urge Ms. Whittier to dismiss the case now. Let us know if you have questions.

Sincerely,

*Cameron W. Fox*

Cameron W. Fox
of PAUL HASTINGS LLP