IRWIN M. ZALKIN, ESQ. (#89957)
DEVIN M. STOREY, ESQ. (#234271)
ALEXANDER S. ZALKIN, ESQ. (#280813)
RYAN M. COHEN, ESQ. (#261313)
The Zalkin Law Firm, P.C.
10590 West Ocean Air Drive, Ste 125
San Diego, CA 92130
Tel:  858-259-3011
Fax: 858-259-3015
Email:  irwin@zalkin.com
        dms@zalkin.com
        alex@zalkin.com
        ryan@zalkin.com

CHELSEA MUTUAL, ESQ. (#299656)
California Women's Law Center
360 N. Pacific Coast Hwy, Ste. 2070
El Segundo, CA 90245
Tel: 323-951-1041
Email: chelsea.mutual@cwlc.org

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Courtney Whittier, Individually,<br><br>Plaintiff,<br><br>vs.<br><br>The University of Southern California,<br><br>Defendant. | Case No.: 2:20-cv-09539-DSF-RAO<br><br>**DECLARATION OF ALEX ZALKIN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT UNIVERSITY OF SOUTHERN CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: May 23, 2022<br>Time: 1:30 p.m<br>Judge: Hon. Dale S. Fischer<br>Courtroom: 7D<br><br>Complaint Filed: October 16, 2020<br>Trial Date: January 17, 2023 |

1

# DECLARATION OF ALEX ZALKIN

I, Alex Zalkin, declare as follows:

1. I am a partner of the law firm of The Zalkin Law Firm, P.C., attorneys for Plaintiff Courtney Whittier ("Plaintiff") in the above-entitled action, along with the California Women's Law Center. I am lead counsel for Plaintiff in the above-captioned case, and fully familiar with the facts and circumstances of this matter as set forth herein based on my review of the files maintained by my office.

2. I submit this declaration in support of Plaintiff Courtney Whittier's Opposition to Defendant University of Southern California's ("USC") Motion for Summary Judgment.

3. Attached as Exhibit 1 is a true and correct copy of the letter sent to USC by the Department of Education Office for Civil Rights ("OCR") regarding USC's Title IX violations.

4. Attached as Exhibit 2 is a true and correct copy of the Resolution Agreement entered into by USC and the OCR.

5. Attached as Exhibit 3 is a true and correct copy of excerpts from Plaintiff Courtney Whittier's Deposition Transcript.

6. Attached as Exhibit 4 is a true and correct copy of a printout from the California State Bar Website, showing that Mark Hathaway, Esq. is a practicing attorney in the state of California.

7. Attached as Exhibit 5 is a true and correct copy of a printout of Mark Hathaway's firm website.

8. Attached as Exhibit 6 is a true and correct copy of Defendant USC's Second Supplemental Responses and Objections to Plaintiff's First Set of Interrogatories.

9. Attached as Exhibit 7 is a true and correct copy of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

10. Attached as Exhibit 8 is a true and correct copy of the Summary Administrative Review issued by Defendant USC's Title IX Office.

11. Plaintiff seeks to elicit the following deposition testimony, facts in written discovery, and expert witness discovery that will preclude summary judgment:

   a. Documents and deposition testimony related to Investigator Doe, including Investigator Doe's report of retaliation by USC, Investigator Doe's investigation into Plaintiff's report that she was sexually assaulted, Investigator Doe's accusation that USC acted inappropriately when investigating reports of sexual misconduct, and Investigator Doe's allegation that USC's Title IX coordinator made comments evidencing a bias in favor of Plaintiff's perpetrator during USC's investigation of Plaintiff's report because the perpetrator hired Mark Hathaway as his attorney. This will support

Plaintiff's claims that USC intentionally discriminated against Plaintiff, or at the very least, acted with deliberate indifference in response to her report. It also supports Plaintiff's position that by engaging in biased investigations of reports of sexual misconduct, USC maintained a policy of deliberate indifference against victims of sexual misconduct.

b. Documents and deposition testimony related to USC policies or procedures addressing sexual misconduct between students from 2013 to 2018, which will support Plaintiff's contention that by deviating from its policies in Plaintiff's and other reports of sexual misconduct, USC maintained a policy of indifference to sexual misconduct on campus, and discriminated against Plaintiff.

c. Documents, information, and deposition testimony concerning incidents of sexual misconduct committed by USC Gould School of Law students, of which USC was aware, from 2012 to 2017, which will counter USC's argument that it did nothing to heighten the risk that Plaintiff would be sexually assaulted by her perpetrator on December 15, 2017 and support Plaintiff's claim that USC maintained a policy of deliberate indifference to sexual misconduct committed within the Gould School of Law specifically which

contributed to Plaintiff's sexual assault while she and her perpetrator were Gould School of Law students.

d. Information and deposition testimony on training provided to USC students and employees responsible for investigating incidents of sexual misconduct, which will counter USC's argument that it did nothing to heighten the risk that Plaintiff would be sexually assaulted by John Doe on December 15, 2017 and support Plaintiff's claim that USC's failure to adequately train students and employees responsible for investigating incidents of sexual misconduct amounted to a policy of deliberate indifference as to the issue of sexual misconduct on campus which heightened the risk for sexual misconduct, including Plaintiff's rape, to occur.

e. Documents, information, and deposition testimony related to Mark Hathaway (from 2005 to 2019), which will support Plaintiff's claim that USC was biased in its investigation into her report of sexual assault due to Mr. Hathaway's representation of her perpetrator because Mr. Hathaway has successfully sued USC in state and federal courts, multiple times, on behalf of students accused of committing sexual misconduct. This bias supports Plaintiff's contentions that USC intentionally discriminated against her, acted

with deliberate indifference in response to her report, and arrived at an erroneous outcome in its investigation of her report.

    f.  Expert witnesses whose knowledge and opinions are required to counter the factual assertions made in the MSJ that purport to establish that USC's handling of Plaintiff's complaint did not lead to the loss of any opportunities or contribute to Plaintiff's damages.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: May 2, 2022                    Respectfully submitted,

By: */s/ Alexander S. Zalkin*
Alexander S. Zalkin, Esq.
THE ZALKIN LAW FIRM, P.C.
10590 W. Ocean Air Dr., Ste. 125
San Diego, CA 92130

*Attorneys for Plaintiff*

**DECLARATION OF ALEX ZALKIN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT USC'S MOTION FOR SUMMARY JUDGMENT**